# Exhibit 1

## (Copy of State Court Complaint)

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

GATEWAY HEALTHCARE, INC. :
:
VS. :
:
PHILADELPHIA INDEMNITY :
INSURANCE COMPANY :

C.A. No. 08-3199

**COMPLAINT FOR DECLARATORY RELIEF AND FOR BREACH OF CONTRACT**

I. PRELIMINARY STATEMENT:

1. This is a complaint for declaratory relief that seeks a determination of the rights and responsibilities of the parties under a certain contract of insurance.

II. PARTIES:

2. Gateway Healthcare, Inc. ("Gateway") is a Rhode Island corporation with a principal place of business at 249 Roosevelt Avenue, County of Providence, City of Pawtucket, State of Rhode Island, 02860-2134.

3. Philadelphia Indemnity Insurance Company ("Philadelphia") is, upon information and belief, a corporation organized in the Commonwealth of Pennsylvania with a principal place of business at One Bala Plaza, Bala Cynwyd, Lower Merion Township, State of Pennsylvania, 19004-0950. At all material times, Philadelphia was duly authorized to issue contracts of insurance in the State of Rhode Island.

III. JURISDICTION:

4. This Court has jurisdiction pursuant to the provisions of Rhode Island Superior Court Rules of Civil Procedure 57 and R.I.G.L. § 9-30-2.

GATEWAY HEALTHCARE, INC. :
VS. :
PHILADELPHIA INDEMNITY :
INSURANCE COMPANY :

IV. STATEMENT OF THE CLAIM:

A. The Contract of Insurance

5. Philadelphia issued a Commercial General Liability Policy of Insurance, Policy Number PHPK126288 with a relevant policy period of July 1, 2005 to July 1, 2006 (hereinafter, "the Policy"). The Relevant portion of the Policy are attached hereto as ***Exhibit "A."*** The Policy's "Building and Personal Property Coverage Form" grants coverage for "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." The term "Covered Causes of Loss" is defined in the "Causes of Loss – Special Form" to include "Risks of Direct Physical Loss unless the loss is: (1) Excluded in Section B, Exclusions; or (2) Limited in Section C, Limitations; that follow."

B. Statement of the Facts

6. On or about December 17, 2005, Gateway's building, which was an insured location under the policy, located at 1471 Elmwood Avenue in Cranston, Rhode Island, (hereinafter referred to as "the building" or "the property") was severely damaged when the pipes burst and water flooded the building (hereinafter referred to as "the loss").

7. Gateway reported the loss in an appropriate and timely manner to Philadelphia and cooperated with Philadelphia in its investigation of the loss.

8. After conducting an investigation and inspection of the loss, Philadelphia, in a letter dated March 27, 2006, Philadelphia denied the property damage claim. (March 27, 2006, Coverage Denial Letter attached as ***Exhibit "B"***.)

GATEWAY HEALTHCARE, INC. :
VS. :
PHILADELPHIA INDEMNITY :
INSURANCE COMPANY :

9. In its denial letter, Philadelphia relied on an endorsement entitled "RHODE ISLAND CHANGES", that reads as follows:

**VACANCY AND UNOCCUPANCY**

*****

**b.** If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

> **(1)** We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:
>
> *****
>
> > **(b)** Sprinkler leakage, unless you have protected the system against freezing.
> >
> > **(d)** Water damage;
>
> *****

**d.** A building is vacant when it does not contain enough business personal property to conduct customary operations.

**e.** Buildings under construction or renovation are not considered vacant.

10. Based on the foregoing endorsement, Philadelphia concluded that the building was not "under construction or renovation" and that Gateway had not protected the system against freezing.

11. Gateway's position is that the loss was covered under the Policy and that the building was (a) "under renovation" at the time of the loss and that Gateway had taken reasonable measures to protect the pipes from freezing.

GATEWAY HEALTHCARE, INC. :
VS. :
PHILADELPHIA INDEMNITY :
INSURANCE COMPANY :

**COUNT I - DECLARATORY RELIEF:**

12. Gateway restates and realleges paragraphs 1 through 11 as stated above and as if fully set forth herein.

13. The legal rights and responsibilities of Gateway and Philadelphia are controlled by the terms and conditions of the contract of insurance.

14. Gateway requests a determination and order from this Court that the loss is a covered claim under Philadelphia's contract of insurance.

**COUNT II - BREACH OF CONTRACT**

15. Gateway repeats and realleges the allegations contained in paragraphs 1 through 14 of its complaint as if fully set forth herein.

16. Philadelphia breached the terms of its contract of insurance, i.e. the Policy, due to its denial of Gateway's property damage claim.

17. Gateway has suffered and will continue to suffer damages as a direct and proximate result of Philadelphia's breach including, but not limited to, the costs of clean-up, demolition and reconstruction, as well as legal fees and costs incurred in prosecuting this action.

WHEREFORE, Gateway requests judgment against Philadelphia in an amount sufficient to compensate it for the insured loss as well as reasonable attorneys' fees and costs.

GATEWAY HEALTHCARE, INC. :
VS. :
PHILADELPHIA INDEMNITY :
INSURANCE COMPANY :

**COUNT III - BAD FAITH**

18. Gateway repeats and realleges the allegations contained in paragraphs 1 through 17 of its complaint as if fully set forth herein.

19. Philadelphia wrongfully and in bad faith refused to pay Gateway for the loss.

20. As a direct and proximate result of Philadelphia's bad faith, Gateway has been damaged in an amount to be determined by the trier of fact.

21. Pursuant to RIGL § 9-1-33, Gateway is entitled to recover compensatory damages, punitive damages, and reasonable attorney fees.

PRAYER FOR RELIEF:

WHEREFORE, Gateway requests that this court order and declare as follows:

(a) that the legal rights and responsibilities of Gateway are controlled by the terms and conditions of the contract of insurance;

(b) that the property damage loss suffered to Gateway's building, as described above, is a covered loss under the Philadelphia Policy;

(c) that Philadelphia has breached its contractual obligations with Gateway by failing to adjust the loss and pay the claim under the terms of the Policy in a timely manner and, as a result, Gateway has sustained damage including, but not limited to, the costs of clean-up, demolition and reconstruction, as well as legal fees and costs incurred in prosecuting this action; and

(d) any other relief that the Court deems meet and just.

GATEWAY HEALTHCARE, INC. :
VS. :
PHILADELPHIA INDEMNITY :
INSURANCE COMPANY :

**GATEWAY HEALTHCARE, INC. DESIGNATES DAVID E. MAGLIO AS TRIAL COUNSEL.**

GATEWAY HEALTHCARE, INC.

By its Attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

David E. Maglio, #3459
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903
(401) 831-5400

Dated: April 28 2008

h:\clients\gateway\pleadings\complaint