1002-6942

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GATEWAY HEALTH CARE INC.<br>Plaintiff, | ) | |
| v. | ) | DOCKET NO: 08-170S |
| PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY<br>Defendants | ) | |

ANSWER AND JURY DEMAND OF

DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY

Now comes the defendant, Philadelphia Indemnity Insurance Company, and by and through counsel, hereby answers the plaintiff's Complaint as follows:

I. PRELIMINARY STATEMENT:

1. The defendant, Philadelphia Indemnity Insurance Company admits the allegations contained in Paragraph 1 of the plaintiff's Complaint.

II. PARTIES:

2. The defendant, Philadelphia Indemnity Insurance Company is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 2 of the Complaint and leave the plaintiff to their proof.
3. The defendant, Philadelphia Indemnity Insurance Company admits the allegations contained in Paragraph 3 of the plaintiff's Complaint.

III. JURISDICTION:

4. The defendant, Philadelphia Indemnity Insurance Company neither admits nor denies the allegations contained in Paragraph 4 of the plaintiff's Complaint and leave the plaintiff to their proof.

## IV. STATEMENT OF THE CLAIM:

A. The Contract of Insurance

5. The defendant, Philadelphia Indemnity Insurance Company admits a policy of insurance was issued to the plaintiff. The terms and conditions the policy's contents best speak for itself. Therefore, all other allegations are denied.

B. Statement of the Facts

6. The defendant, Philadelphia Indemnity Insurance Company neither admits nor denies the allegations contained in Paragraph 6 of the plaintiff's Complaint and leave the plaintiff to their proof.

7. The defendant, Philadelphia Indemnity Insurance Company neither admits nor denies the allegations contained in Paragraph 7 of the plaintiff's Complaint and leave the plaintiff to their proof.

8. The defendant, Philadelphia Indemnity Insurance Company admits the allegations contained in Paragraph 8 of the plaintiff's Complaint.

9. The defendant, Philadelphia Indemnity Insurance Company neither admits nor denies the allegations contained in Paragraph 9 of the plaintiff's Complaint as the contents of the letter speak for itself.

10. The defendant, Philadelphia Indemnity Insurance Company admits the allegations contained in Paragraph 10 of the plaintiff's Complaint.

11. The defendant, Philadelphia Indemnity Insurance Company is without sufficient information to form a belief as to the truth of the matters alleged in Paragraph 11 of the Complaint and leave the plaintiff to their proof.

## COUNT I – DECLARATORY RELIEF

12. The defendant, Philadelphia Indemnity Insurance Company restates and incorporates by reference its response to Paragraph 1 through 11 of plaintiff's Complaint.

13. The defendant, Philadelphia Indemnity Insurance Company admits the allegations contained in Paragraph 13 of the plaintiff's Complaint.

14. The defendant, Philadelphia Indemnity Insurance Company neither admits nor denies the allegations contained in Paragraph 14 of the plaintiff's Complaint and leave the plaintiff to their proof.

## COUNT II – BREACH OF CONTRACT

15. The defendant, Philadelphia Indemnity Insurance Company restates and incorporates by reference its response to Paragraph 1 through 14 of plaintiff's Complaint.

16. The defendant, Philadelphia Indemnity Insurance Company denies the allegations in Paragraph 16 of the plaintiff's Complaint.

17. The defendant, Philadelphia Indemnity Insurance Company denies the allegations in Paragraph 17 of the plaintiff's Complaint.

## COUNT III – BAD FAITH

18. The defendant, Philadelphia Indemnity Insurance Company restates and incorporates by reference its response to Paragraph 1 through 17 of plaintiff's Complaint.

19. The defendant, Philadelphia Indemnity Insurance Company denies the allegations in Paragraph 19 of the plaintiff's Complaint.

20. The defendant, Philadelphia Indemnity Insurance Company denies the allegations in Paragraph 20 of the plaintiff's Complaint.

21. The defendant, Philadelphia Indemnity Insurance Company denies the allegations in Paragraph 21 of the plaintiff's Complaint.

**FIRST DEFENSE**

By way of affirmative defense, the defendant says that the damage and loss alleged in the plaintiff's complaint were not covered by the policy of insurance referred to in the plaintiff's complaint and that, therefore, the plaintiff can not recover in this action.

**SECOND DEFENSE**

By way of affirmative defense, the defendant says that there was an increase in hazard at the property referred to in the plaintiff's complaint that was known to the plaintiff and over which the plaintiff failed to take reasonable steps to control and that, therefore, the plaintiff can not recover in this action.

**THIRD DEFENSE**

The allegations in the plaintiff's complaint fail to state a cause of action for bad faith as the claim is fairly debatable.

WHEREFORE, the defendant prays that this Court:

a. Enter judgment for the defendants, dismissing all claims;

b. Award the defendants costs, expenses and attorneys' fees; and

c. Grant such further relief as the Court may deem just.

**JURY DEMAND**

Defendant hereby demands a jury trial as to all triable issues of right and designates Mark T. Nugent and Michael J. Marcello as trial counsel.

1002-6942

Philadelphia Indemnity Insurance Company
By its Attorneys,
**MORRISON MAHONEY LLP**

/s/ Michael J. Marcello

---

Mark T. Nugent, #2637
Michael J. Marcello, #5221
10 Weybosset Street, Suite 900
Providence, RI 02903
Tel: (401) 331-4660

## CERTIFICATE OF SERVICE

I hereby certify that this documents filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 20, 2008.

/s/ Michael J. Marcello

---

Michael J. Marcello, BBO No. 5221