UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GATEWAY HEALTHCARE, INC.    :
    :
    v.    :    C.A. No. 08-170S
    :
PHILADELPHIA INDEMNITY    :
INSURANCE COMPANY    :

**MEMORANDUM AND ORDER**

Pending before the Court for determination are Plaintiff's Motion to Strike Objections and Compel Production of Documents. (Document Nos. 34 and 35). Defendant objects. (Document Nos. 36 and 37). A hearing was held on April 22, 2009. After reviewing the pleadings and listening to the arguments of counsel, Plaintiff's Motions are GRANTED in part and DENIED in part as follows:

**A.**    **Plaintiff's First Request for Production**

**1.**    **Request No. 11** – At the hearing, Defendant's counsel represented that Defendant obtained a legal opinion from coverage counsel and based its denial of coverage on the terms of the policy and the coverage opinion. This Request seeks "documents authored by any court," i.e., court decisions, "referencing the exclusions relied upon by the defendant in denying the plaintiff's" claim. This Request is ambiguous as it is unclear if Plaintiff seeks Court decisions relied upon by Defendant in denying its claim, or if it seeks Court decisions referencing the exclusion relied upon by Defendant in denying coverage. The former seems to be Plaintiff's likely intent and that is how Request No. 11 will be interpreted. Thus, based on the representation of Defendant's counsel, any such Court decisions would have been referenced in the coverage opinion from counsel. While Plaintiff concedes that the coverage opinion itself is privileged and it is not sought in Request No.

11, the Court decisions relied upon in drafting that opinion would be attorney work-product at a minimum. Thus, Defendant's objection is sustained and Plaintiff's Motion to Compel is DENIED.

2.    **Request No. 12** – Defendant's relevance objection is overruled and Plaintiff's Motion to Compel is GRANTED. Defendant shall produce any responsive documents.

3.    **Request No. 22** – Defendant's Objections are sustained and Plaintiff's Motion to Compel is DENIED. The Request as drafted is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

B.    **Plaintiff's Second Request for Production**

1.    **Request Nos. 1 and 2** – Defendant's Objections are sustained and Plaintiff's Motion to Compel is DENIED. Plaintiff has not shown that such documents, even if in existence and limited to the building in question, could possibly contain information relevant to this coverage dispute or lead to the discovery of admissible evidence.

2.    **Request Nos. 3 and 5** – Although Defendant's Objections are sustained, Defendant is ordered to supplement its response and, as represented by Defendant's counsel at the hearing, to investigate and confirm that, other than the policy and the coverage opinion, Defendant did not rely upon any other policy, manual, bulletin, notice or other document regarding the definition of the terms "construction" and "renovation" in denying Plaintiff's claim.

3.    **Request No. 4** – Defendant's Objections are sustained and Plaintiff's Motion to Compel is DENIED. The Request is overly broad and not limited by either time frame or to the application of the vacancy exclusion in issue under similar circumstances. Defendant also credibly argues that compliance with the broad request would be unduly burdensome as it directs this broad request to documents filed by or on behalf of Defendant which would require a search of its own

files and requests to outside counsel.  Given the limited potential relevance of such documents, the potential burden of production outweighs its likely benefit.  <u>See</u> Fed. R. Civ. P. 26(b)(2)(C)(iii).

### C.    Conclusion

As set forth herein, Plaintiff's Motions to Strike and Compel (Document Nos. 34 and 35) are GRANTED in part and DENIED in part.  Defendant shall supplement its production and response as Ordered herein by May 8, 2009.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 23, 2009